[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-11017

Non-Argument Calendar

_____

MARILYN ARUCA,

Plaintiff-Appellant,

*versus*

LINDA R. ALLAN,
individually, and in her official capacity as
6th Circuit Court Judge,
MICHAEL MOSKAL,
Personal Representative and Co-Trustee of the
Shawn G. Washinko Trust,
THOMAS TASCHLER,
Co-Trustee of the Shawn G. Washinko Trust,
CHRISTINA RANKIN,
Esq.,

2                      Opinion of the Court                    22-11017

ROBERT PERSANTE,

Esq., et al.,

                                                    Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:22-cv-00381-TPB-AEP

_____

Before WILSON, BRASHER, and ANDERSON, Circuit Judges.

PER CURIAM:

Marilyn Aruca, proceeding *pro se*, appeals the district court's order dismissing her complaint, which asserted claims under 42 U.S.C. § 1983 against a state court judge and private parties. Aruca does not challenge the dismissal of her claims against the private-party defendants. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680-82 (11th Cir. 2014). Accordingly, the dispositive issue on appeal is whether the district court erred in dismissing Aruca's claims against state court judge Linda Allan.

Aruca's complaint alleges that Allan acted outside her judicial capacity by ruling on the validity of a name-and-arms clause in the will of the father of Aruca's child. She says that, on behalf of her minor child, she "asked the probate court to take judicial notice of

an Order and Final Judgment entered by the Family Court which found it was not in the child's best interest to change his name five years earlier." But despite this request, Allan ruled valid the name-and-arms clause, which conditioned a devise to Aruca's son on the son adopting the decedent-father's last name. Aruca contends this ruling violates her constitutional rights and filed this lawsuit seeking injunctive and declaratory relief against Allan. On appeal after the dismissal of her complaint, Aruca argues the district court erred in ruling that Allan is entitled to absolute judicial immunity against her claims. We disagree and affirm.

We review *de novo* whether a judicial officer is entitled to absolute judicial immunity. *Stevens v. Osuna*, 877 F.3d 1293, 1301 (11th Cir. 2017).

Absolute judicial immunity bars a claim for damages against a judge acting in his or her official capacity unless the judge acted in the "'clear absence of all jurisdiction.'" *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (quoting *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978)). Although the Supreme Court's decision in *Pulliam v. Allen*, 466 U.S. 522 (1984), held that judicial immunity does not protect state court judges from claims for injunctive relief under Section 1983, *id.* at 541, Congress later amended Section 1983 to bar claims for injunctive relief against judges acting in their judicial capacity unless "'a declaratory decree was violated or declaratory relief was unavailable.'" *Bolin*, 225 F.3d at 1242 (quoting 42 U.S.C. § 1983). In other words, a plaintiff cannot obtain an injunction against a state court judge unless the plaintiff establishes that

the judge acted in a non-judicial capacity, or if the judge acted in a judicial capacity, that the judge violated a declaratory decree or that declaratory relief is unavailable to the plaintiff.

Aruca argues that Allan's ruling was outside her judicial capacity, but we disagree. To determine whether a judge acted in a judicial capacity, we consider whether (1) the challenged action was part of the ordinary judicial function; (2) the challenged action occurred in chambers or in court; (3) the challenged action "involved a case pending before the judge;" and (4) the challenged action arose out of a visit to a judge in the judge's official capacity. *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005). Here, Allan acted within her judicial capacity because she made a legal ruling in a proceeding in her court. Ruling on pending actions is the core of the judicial function. And Aruca's assertion that Allan lacked subject-matter jurisdiction to decide the validity of the is insufficient to render Allan's action outside her judicial capacity, even if Aruca is correct on the jurisdictional point. *See Bolin*, 225 F.3d at 1239 (explaining that a judge acts within the judicial capacity even if the act is in excess of jurisdiction so long as that excess does not amount to the "'clear absence of all jurisdiction'" (quoting *Stump*, 435 U.S. at 356-57)).

Aruca also argues that Allan is not immune because she seeks injunctive relief instead of damages. Again, we disagree. Aruca does not argue that declaratory relief was unavailable or that Allan violated a declaratory judgment, which are prerequisites to injunctive relief against a state court judge under Section 1983. *See*

42 U.S.C. § 1983. As to her complaint's claim for declaratory relief, Allan fails to address this issue on appeal in its entirety. Because an appellant's failure to brief an issue on appeal abandons the issue, even if the appellant litigates *pro se*, *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008), Aruca has abandoned any claim for declaratory relief. But, even had Aruca raised her claim for declaratory relief on appeal, we have held that such relief is unavailable against a state court judge when the state judicial system provides an adequate remedy at law, such as an appeal of the state judge's ruling. *See Bolin*, 225 F.3d at 1242; *Sibley*, 437 F.3d at 1074.

Thus, the district court is **AFFIRMED.**